IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cv__

FLORES LIAMAS,

    Plaintiff,

vs.

VELOCITY READY MIX LLC d/b/a VELOCITY READY MIX and TANYA MARCHIOL, SUZANNE MARCHIOL and JESSICA VAZQUEZ, individually,

    Defendants.

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

Plaintiff Flores Liamas ("Liamas" or "Plaintiff"), by and through his attorney, Jacob Aronauer files this Collective Action Complaint for Unpaid Overtime against the above-listed Defendants Velocity Ready Mix LLC d/b/a Velocity Ready Mix ("Ready Mix") and Tanya Marchiol ("T. Marchiol"), Suzanne Marchiol ("S. Marchiol") and Jessica Vasquez ("Vazquez"), individually, (collectively "Defendants"), alleging the following:

### PRELIMINARY STATEMENT

1. Plaintiff and those similarly situated are currently or were formerly employed by Defendants and were not paid overtime in compliance with the law.

2. Specifically, Defendants failed to pay their hourly employees overtime wages at one and half times their hourly rate for hours worked beyond forty each workweek.

3. Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq. and the Colorado Minimum Wages of Workers Act (the "CMWWA").

4. Defendants violated the FLSA and the CMWWA because those Acts require employers to pay their employees one-and-one half times each employee's regular rate of pay for each hour worked beyond 40 in a given workweek.

## JURISDICTION AND VENUE

5. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Defendants employed the named Plaintiff and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

8. Defendants operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

9. Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.  29 U.S.C. § 203(s)(10)(A)(ii).

10. This Court has supplemental jurisdiction over the Colorado state law claims under the principles of pendent and ancillary jurisdiction.

11. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

12. Plaintiff Liamas is a resident of the State of Colorado.

13. Defendant Velocity Ready Mix LLC is a corporation incorporated in the State of Colorado with its principal place of business being located at 7555 E 41st Av, Denver CO 80216.

14. On information and belief, Defendant Suzanne Marchiol ("S. Marchiol") is a manager member of Ready Mix and is a resident of the State of Colorado.

15. On information and belief, Defendant Jessica Vazquez ("Vazquez") is the president of Ready Mix and on information and belief is a resident of the State of Colorado.

16. On information and belief, Tanya Marchiol ("T. Marchiol") is a principal of Ready Mix and is a resident of the State of Colorado.

## GENERAL ALLEGATIONS

**Employment With Defendants**

17. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

18. In September 2021, Plaintiff commenced employment with Defendants.

19. Plaintiff worked for Defendants until August 30, 2022.

20. Plaintiff worked as a truck driver on behalf of Defendants.

21. Plaintiff worked more than 40 hours a week throughout his employment.

22. Defendants circumvented their obligations by paying Plaintiff as an independent contractor.

23. Defendants further circumvented their obligations by paying in a combination of cash and check.

24. During the time period that Plaintiff worked for Defendants, he was paid $26 an hour for all hours worked.

25. Defendants employ similarly situated truck drivers who likewise work more than 40 hours a week but are paid the same hourly rate for work performed after 40 hours.

26. Defendant S. Marchiol, at all material times, exercised day-to-day operational control over Ready Mix.

27. Defendant T. Marchiol, at all material times, exercised day-to-day operational control over Ready Mix.

28. Defendant Vazquez, at all material times, exercised day-to-day operational control over Ready Mix.

29. Defendants S. Marchiol, T. Marchiol and Vazquez monitored, supervised and directed Plaintiff and others similarly situated as to their job duties.

30. Defendants S. Marchiol, T. Marchiol and Vazquez had and exercised the power to hire and fire employees and to control his employees' terms and conditions of employment.

31. Defendant s S. Marchiol, T. Marchiol and Vazquez et the work schedule of Plaintiff and others similarly situated.

32. Defendant S. Marchiol, T. Marchiol and Vazquez controlled the wage rates his employees would be paid.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

33. The named Plaintiff brings his Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminary defines this "216(b) Class" as follows:

> All individually employed by Defendants as hourly employees
> for Ready Mix between October 4, 2019 and the present,
> who were not paid mandatory overtime premiums.

34. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statue of limitations for claims of wilful violations brought under the Act 29 U.S.C. § 255(a).

35. All potential 216(b) Collective Members are similarly situated because they worked for Defendants as hourly employees and are or were subject to Defendants' common policy of failing to pay overtime premiums.

36. The 216(b) Class consists of approximately 30 employees.

37. At all times relevant to this action, Defendants employed persons, including Plaintiff and the Collective they seek to represent, within the State of Colorado.

## FIRST CLAIM FOR RELIEF
### Violations Under the Fair Labor Standards Act (FLSA)

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

40. Plaintiff was an employee as that term is defined by the FLSA. 29 U.S.C. 203(e).

41. Defendants "employed" Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

42. Defendants were Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

43. Defendants violated the FLSA when they failed to pay Plaintiff overtime premiums for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

44. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

45. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiff is entitled to recover unpaid overtime premiums liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Overtime Premiums
### Violation of the CMWWA (C.R.S. §§ 8-6-101, et seq.)
### as implemented by the Wage Order ( 7 UCCR 1103-1)

47. Plaintiff repeats and realleges each of the allegations contained above as if fully set forth herein.

48. Defendants was Plaintiff's and others "employer" as that term is defined by the Wage Order because they employed Plaintiff and others in Colorado. 7 C.C.R. 1103-1(2).

49. Plaintiff and others were "employees" as that term is defined by the Wage Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

50. Defendants violated the CMWWA as implemented by the Wage Order, when they failed to pay Plaintiff and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1(4).

51. As a result, Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

52. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the overtime and minimum wages owed to him, together with the costs of suit. C.R.S. § 8-6-118; 7 C.C.R. 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

As to Count I claim brought under the FLSA and described above, Plaintiff respectfully requests an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential FLSA Collective members;

b. Plaintiff and the 216(b) Collective be awarded unpaid overtime premiums;

c. Plaintiff and the 216(b) Collective be awarded liquidated damages as required by law;

d. Plaintiff and the 216(b) Collective be awarded pre-judgment and post-judgment interest as permitted by law; and

e.  Plaintiff and the 216(b) Collective be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f.  Plaintiff and the 216(b) Collective be awarded such other and further relief as may be necessary and appropriate.

As to Plaintiff's Count II Claim brought under the CMWWA as implemented by the Wage Order and described above, Plaintiff respectfully requests an Order from the Court that:

a.  Plaintiff be awarded the unpaid balance of the full amount of wages due, together with the costs of this suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(18).

Respectfully submitted, this 4th day of October, 2022.

**THE LAW OFFICES OF JACOB ARONAUER**

By:  */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiff*

7